UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission | * |
| | * |
| Plaintiff | |
| | * |
| v. | Civil Action No. 1:22-cv-02492 |
| | * |
| Shepherd Electric Co., Inc. | |
| | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Defendant, Shepherd Electric Co., Inc., by its undersigned attorneys, responds to the Complaint in this matter and states:

### Nature of the Action

Defendant denies the allegations stated in the initial paragraph of Plaintiff's Complaint.

### Jurisdiction and Venue

1. Defendant admits the legal conclusions of jurisdiction for the sole purposes of this action in paragraph 1.

2 In response to Paragraph 2 of the Complaint, Defendant denies the allegations being claimed unlawful, but admits jurisdiction is proper.

### Parties

3. Defendant admits to the statements referenced in paragraphs 3 through 5 of the Complaint.

4. Defendant admits to the statements referenced in paragraphs 6 and 7 of the Complaint.

5. With regard to paragraph 8, Defendant admits that letters were issued but denies that the letters were properly issued or that the EEOC attempted conciliation.

6. Defendant denies the allegations made in paragraph 9 of the Complaint.

7. Defendant admits to the statements made in paragraphs 10 and 11 of the Complaint.

8. With regard to paragraph 12, Defendant admits that letters were issued but denies that the letters were properly issued or that the EEOC attempted conciliation.

9. Defendant denies the allegations stated in paragraph 13 of the Complaint.

10. Defendant admits to the statements made in paragraph 14 of the Complaint.

11. Defendant denies the allegations stated in paragraph 15 of the Complaint.

12. Defendant denies the allegations in paragraph 16 that Mr. Coley was Operations Manager, but does admit to the remaining allegations.

13. Defendant denies the allegations stated in paragraph 17 of the Complaint.

14. Defendant admits to the statements made in paragraphs 18 and 19 of the Complaint.

15. Defendant denies the statement in paragraph 20 regarding the District of Columbia location (which is not owned by Defendant) but admits the remaining allegations.

16. Defendant admits that the performance reviews were given to Coley, that the portions quoted are taken from those reviews, and notes that the document referenced speaks for itself and denies the remainder of the allegations stated in paragraphs 21 and 22 of the Complaint.

17. Defendant admits that the portions quoted are taken from Coley's reviews and notes that the documents referenced speak for themselves but denies the remainder of the allegations stated in paragraph 23 of the Complaint.

18. Defendant denies the allegations in paragraphs 24 and 25 of the Complaint.

19. Defendant admits that the portions quoted are taken from Coley's reviews and notes that the documents referenced speak for themselves in response to paragraph 26 of the Complaint.

20. Defendant denies the allegations stated in paragraphs 27 and 28 of the Complaint.

21. Defendant admits to the discharge of Coley in January, 2020, however, Defendant denies the remainder of paragraph 29.

22. Defendant admits to the remaining allegations stated in paragraphs 30 and 31 of the Complaint.

23. Defendant denies the allegations stated in paragraphs 32, 33, 34, 35, 36 and 37 of the Complaint.

24. Defendant admits the allegations stated in paragraphs 38, 39, 40, and 41 of the Complaint.

25. With regard to paragraph 42, Defendant admits to the change in position, but denies the statement regarding promotion.

26. Defendant admits to the allegations stated in paragraph 43 of the Complaint.

27. With regard to paragraph 44 of the Complaint, the document referenced speaks for itself and Defendant otherwise denies the allegations.

28. Defendant denies the allegations stated in paragraphs 45 and 46 of the Complaint.

29.     With regard to paragraph 47 of the Complaint, the document referenced speaks for itself and Defendant otherwise denies the allegations.

30.     Defendant denies the allegations stated in paragraphs 48, 49 and 50 of the Complaint.

31.     Defendant admits to the allegations stated in paragraphs 51, 52, and 53 of the Complaint.

32.     Defendant denies the allegations stated in paragraph 54 and further notes that as stated in Plaintiff's Complaint, Peeler was terminated and replaced by Doyle making these statements an impossibility.

33.     Defendant denies the allegations stated in paragraphs 55, 56, 57, 58, 59, 60 and 61.

## Affirmative Defenses

1.      Plaintiff's Complaint fails to state a cause of action.

2.      Coley and Peeler were terminated for legitimate and valid reasons, including but not limited to, their own inability to successfully perform the requirements of their positions and for disregarding company direction and policies.

3.      Coley and Peeler never complained of racial discrimination and failed to take advantage of the methods available to them for raising such claims.

4.      At all times relevant herein, Defendant exercised reasonable care to prevent and promptly correct any harassing behavior.

5.      At all times relevant herein, Defendant appropriately responded to any complaints about harassing behavior.

6.      Coley and Peeler failed to mitigate their damages.

7. Plaintiff did not timely file claims and failed to exhaust administrative remedies.

WHEREFORE, Defendant respectfully requests this Court deny the Complaint, award Defendant its fees and expenses in responding to the Complaint and award Defendant such other and further relief as shall be necessary.

       /s/ Donald J. Walsh
Donald J. Walsh (Bar # 09384)
Marie J. Ignozzi (Bar #29762)
RKW, LLC
10075 Red Run Blvd, 4th Floor
Owings Mills, Maryland 21117
443.379.4011
443.379.4023 (fax)
dwalsh@RKWLawGroup.com
mignozzi@RKWLawGroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November, 2022, Defendant's Answer to Complaint was filed and served electronically via ECF on all counsel of record.

       /s/ Marie J. Ignozzi
Marie J. Ignozzi (#29762)