IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 131 M Street, N.E., Washington, D.C. 20507<br><br>Plaintiff,<br><br>v.<br><br>SHEPHERD ELECTRIC CO., INC., 13150 Mid-Atlantic Blvd., Laurel, MD 20708<br><br>Defendant. | Civil Action No.<br><br>1:22-cv-02492-JKB |

## **CONSENT DECREE**

Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), commenced this action on September 29, 2022, against Defendant Shepherd Electric Co., Inc. ("Defendant"), alleging violations of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant discharged Larry Coley and Willie Peeler because of their race, black, and in retaliation for complaining of race-based discrimination by terminating their employment. The Commission further alleged that Defendant violated Title VII by paying Peeler significantly lower wages than those paid to a less qualified white employee who replaced Peeler after being hired a week before Peeler's termination.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Consent Decree

("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of Title VII. This Decree does not constitute an adjudication on the merits of the Commission's case, and it shall not be construed as a waiver by the Commission of any contentions of discrimination. This Decree is not intended to, nor shall it be construed as, an admission of any liability or wrongdoing on the part of Defendant. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this Title VII action, which emanated from the Charges of Discrimination filed by Larry Coley, EEOC Charge No. 531-2020-01190 and Willie Peeler, EEOC Charge No. 531-2020-02113.

### SCOPE OF DECREE

2. This Decree shall be in effect for a period of thirty (30) months from the date it is entered by the Court.

3. The provisions of this Decree shall apply to all of Defendant's facilities, warehouses, and other locations of Defendant's operations.

### INJUNCTIVE RELIEF

4. Defendant acting through its officers, directors, agents, owners, employees, successors, assigns, and all persons in active concert or participation with it or on its behalf are hereby enjoined from violating Title VII and shall not discriminate or take adverse employment actions against individuals on the basis of their race including, but not limited to, terminating any employee on the basis of race.

5.      Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by Title VII, including, but not limited to, opposing or complaining about acts of racial discrimination or participating in investigations of racial discrimination.

## MONETARY RELIEF

6.      Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Coley a total of $113,990 in monetary relief ("Monetary Relief"). The Monetary Relief represents $56,509 in lost wages ("back pay"), $4,981 in interest on back pay, and $52,500 in damages under 42 U.S.C. § 1981a ("1981a damages").

7.      For backpay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payment to Coley. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay award. Defendant shall report the back pay payment, and applicable withholdings, to the IRS and Coley via an IRS Form W-2 issued for the 2023 tax year.

8.      For interest and Section 1981a damages, withholdings and deductions shall not apply. Defendant shall report such non-wage payments to the IRS and Coley via an IRS Form 1099 for the 2023 tax year. The EEOC will provide Defendant with an IRS Form W-9 for Coley within five (5) business days of the entry of the Decree.

9.      Defendant shall send the Monetary Relief directly to Coley by certified mail or express delivery service, at an address provided by the Commission. Coley shall receive two checks, one constituting back pay and interest, and another constituting 1981a damages.

10.     Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Peeler a total of $71,819 in monetary relief ("Monetary Relief"). The Monetary Relief represents

$17,648 in lost wages ("back pay"), $1,671 in interest on back pay, and $52,500 in damages under 42 U.S.C. § 1981a ("1981a damages").

11. For backpay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payment to Peeler. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay award. Defendant shall report the back pay payment, and applicable withholdings, to the IRS and Peeler via an IRS Form W-2 issued for the 2023 tax year.

12. For interest and Section 1981a damages, withholdings and deductions shall not apply. Defendant shall report such non-wage payments to the IRS and Peeler via an IRS Form 1099 for the 2023 tax year. The EEOC will provide Defendant with an IRS Form W-9 for Peeler within five (5) business days of the entry of the Decree.

13. Defendant shall send the Monetary Relief directly to Peeler by certified mail or express delivery service, at an address provided by the Commission. Peeler shall receive two checks, one constituting back pay and interest, and another constituting 1981a damages.

14. Within three (3) days of payment of the Monetary Relief identified in Paragraphs 6 and 10, Defendant shall send a photocopy of the checks (with bank routing and account numbers redacted), along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record, Ashley Martin, at ashley.martin@eeoc.gov.

15. The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

>Name: Greg Spacek, CFO
>Physical Address: 7401 Pulaski Highway, Baltimore, MD 21237

16. The EEOC has made no representations regarding whether the amount paid

4

pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

17. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

18. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

19. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## ANTI-DISCRIMINATION POLICY

20. Defendant shall continue to maintain a policy that prohibits discrimination on any basis protected under Title VII, including discrimination based on race, and which describes a complaint procedure for reporting discrimination and prohibits retaliation for reporting or opposing such discrimination, or for participating in any other way in any discrimination investigation. Defendant's policy against discrimination shall also continue to designate specific individuals or positions to which complaints of discrimination and/or retaliation should be directed.

21. Defendant shall continue to distribute a copy of its policy against discrimination to each subsequently hired employee at their time of hire.

## TRAINING

22. Within thirty (30) days from the date of entry of the Decree, Defendant shall provide no less than two (2) hours of training to all management and supervisory personnel and all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning complaints of discrimination and retaliation under state and federal law. The

5

training shall be provided by a third-party business or organization that specializes, or has a background in, Title VII. The training will promote Defendant's compliance with federal anti-discrimination laws and will address the following: discrimination made unlawful by Title VII, with special emphasis on Title VII's prohibition of race-based discrimination; Defendant's policies prohibiting discrimination as described in Paragraph 20; the prohibitions against retaliation for reporting discrimination or for otherwise engaging in activity protected by Title VII; and penalties for engaging in conduct prohibited by Title VII. The training shall be recorded, and Defendant shall provide the pre-recorded training to all new management and supervisory personnel and all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning complaints of discrimination and/or retaliation within twenty (20) days of their hire, promotion, or transfer if the individual did not receive the initial training provided for in this Paragraph.

23.   Within ten (10) days after completion of the initial training session, Defendant shall provide certification to the Commission's counsel of record at the Washington Field Office, Ashley Martin, as ashley.martin@eeoc.gov, that the initial training session required in Paragraph 22 was provided. The certification shall include the date, time, and identities of all trainers and attendees.

## POSTING

24.   Within ten (10) days after entry of the Decree, Defendant shall post, in all places where notices to employees customarily are posted at all its warehouses, facilities, and other locations of its operations, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable,

Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the Commission's counsel of record at the Washington Field Office, Ashley Martin, ashley.martin@eeoc.gov, a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

25. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree.

26. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing alleged non-compliance with this Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

    A. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings; and

    C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

## REPORTING REQUIREMENTS

27. Every six (6) months, commencing six (6) months after the Court's entry of this

Decree, Defendant shall provide written reports to the EEOC counsel of record, Ashley Martin at ashley.martin@eeoc.gov, identifying all complaints of race-based discrimination made by Defendant's employees during the preceding six (6) month period. The final written report shall be due ten (10) days prior to the expiration of this Decree.

28. Each report shall identify all persons who complained to Defendant of race-based discrimination during the reporting period and a description of their complaint. Such identification shall include: the name, address, and telephone numbers for each person who complained about the conduct at issue.

29. Each report shall include a detailed description of all non-privileged action taken in response to each complaint and shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

## MISCELLANEOUS

30. The Commission and Defendant shall bear their own costs and attorneys' fees.

31. If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

32. The terms of this Decree are and shall be binding upon Defendant and its successors and assigns. For the duration of this Decree Defendant shall provide written notice, prior to any sale, merger, or transfer of equity or assets, to the purchaser or transferee of such equity or assets, and to any other potential successor by merger, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of this Consent Decree.

33. This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed or to commence civil actions on any such charges as the Commission sees fit.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

/s/
DEBRA M. LAWRENCE
Regional Attorney

/s/
MARIA L. MOROCCO
Assistant Regional Attorney

/s/
ASHLEY M. MARTIN
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M St., N.E. Ste. 4NW02F
Washington, DC 19107-3127
Phone: (202) 921-2766
Fax:    (215) 440-2848
ashley.martin@eeoc.gov
Federal Bar No. 812183

**FOR DEFENDANT**
**SHEPHERD ELECTRIC CO., INC.**

/s/
Donald J. Walsh (Bar #09384)
RKW, LLC
10075 Red Run Blvd., 4th Floor
Owings Mills, MD 21117
Phone: (443) 379-4011
Fax: (443) 379-4023
dwalsh@RKWLawGroup.com

**IT IS SO ORDERED:**

Signed and entered this __12__ day of __May__, 2023.

_____
JUDGE JAMES K. BREDAR, United States Chief District Judge
United States District Court for the District of Maryland

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is posted pursuant to a federal court order voluntarily resolving a discrimination lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against Shepherd Electric Co., Inc. ("Shepherd Electric") in the United States District Court for the District of Maryland. In that lawsuit, called *EEOC v. Shepherd Electric Co., Inc.,* Case No. 1:22-cv-02492, the Commission alleged that Shepherd Electric violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). 42 U.S.C. §§ 2000e-2(a)(1), § 2000e-3(a).

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce Title VII. Title VII prohibits an employer from making any decisions about employment (such as hiring, promotion, compensation, discipline, termination, etc.) based on an employee's or applicant's race. Further, federal law prohibits retaliation against individuals for engaging in protected activity, which can include, for example, reporting or opposing discrimination, filing a charge with the Commission, or for participating in any other way in any discrimination investigation.

To resolve this lawsuit, Shepherd Electric and the Commission have entered into a Consent Decree which provides, among other things, that Shepherd Electric (1) will not discriminate on the basis of race; (2) will not retaliate against an employee or applicant for engaging in activity protected by Title VII; and (3) will train management employees concerning the federal laws prohibiting discrimination and Shepherd Electric's policies on these matters.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or (202) 921-2766. This Notice must remain posted for 2.5 years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____          _____
                           Shepherd Electric Co., Inc.